UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GINA SANDERSON, | Case No. 18-cv-12534 |
| Plaintiff, | |
| | UNITED STATES DISTRICT COURT JUDGE |
| v. | GERSHWIN A. DRAIN |
| PHILIP JAMES WRIGHT, ET AL., | UNITED STATES MAGISTRATE JUDGE ANTHONY P. PATTI |
| Defendants. | |

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS [#29]**

**I. INTRODUCTION**

Plaintiff filed the instant action on August 15, 2018 raising claims under various provisions of the Michigan Vehicle Code, MICH. COMP. LAWS § 257 *et seq*. Plaintiff seeks future wage loss damages stemming from a collision between Plaintiff's vehicle and a commercial trailer, operated by Defendant Philip James Wright ("Wright") and owned by Defendant Darling Ingredients, Inc. ("Darling"). Trial in this matter is scheduled for October 8, 2019.

Presently before the Court is Defendants' Motion to Dismiss or, in the Alternative, Compel Plaintiff's Tax Returns [#29]. Defendants move to dismiss Plaintiff's claims based on her failure to provide income tax returns during discovery. Defendants filed their Motion to Dismiss on September 3, 2019. ECF

1

No. 29-32. Plaintiff responded on September 11, 2019. ECF No. 35-38. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motion on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2). For the reasons that follow, the Court will deny Defendants' Motion to Dismiss and deny the Alternative Motion to Compel Plaintiff's Tax Returns.

## II. FACTUAL BACKGROUND

Plaintiff is a forty-eight-year-old woman who resides in Sylvania, Ohio. ECF No.32-3, PageID.5; ECF No.16, PageID.1. On May 29, 2018, Plaintiff's vehicle and a commercial trailer operated by Defendant Wright and owned by Defendant Darling were involved in a mid-intersection collision. ECF No.38, PgID.7. Plaintiff sustained a trimalleolar fracture to her right ankle as a result of the collision. ECF No.32, PageID.4. The fracture required two surgical procedures, including external fixator surgery and open reduction internal fixation surgery. ECF No.36, PageID.8.

Plaintiff works for the Lewanee Intermediate School District. ECF No.36, PageID.7. As a result of the collision, Plaintiff was unable to attend the last two weeks of the 2017-2018 school year. ECF No.38, PageID.9. When the 2018-2019 school year started in August, Plaintiff returned to work, but was restricted by her surgeon to desk duty only. *Id*. The restriction was lifted by Plaintiff's surgeon on

2

November 1, 2018.  *Id*.  Plaintiff's surgeon has approved two FMLA leave requests for reduced work hours as the school year has progressed.  *Id*.  Six months after the collision, Plaintiff also saw a psychiatrist who diagnosed her with post-traumatic stress disorder.  ECF No.30, PageID.11.

At issue is the extent to which the ankle fracture and its aftermath will impact Plaintiff's health and future earning capacity.  Plaintiff currently works a reduced work week as a result of approved FMLA leave.  ECF No.38, PageID.9.  Her surgeon testified that the long-term effects of Plaintiff's injury generally include an increased risk for pain, stiffness, and arthritis that may impact Plaintiff's ability to work.  ECF No.32-4, PageID.10.  Defendants argue there is no evidence that Plaintiff's work life will be reduced or that she will be unable to perform full-time employment from now until her retirement.  ECF No.32, PageID.4.

### III. DISCUSSION

Defendants argue that dismissal is warranted under Rule 37 of the Federal Rules of Civil Procedure because Plaintiff failed to provide her income tax returns from 2011 to the present.  In the alternative, Defendants seek a court order compelling the production of these documents.  During discovery, Plaintiff timely objected to the document request, stating that her tax returns are filed jointly with her husband, who is not a party to the litigation.  Instead, she provided her W-2's and 1099's for the requested years.  Despite Plaintiff's objection, Defendants made

no attempt to compel the production of Plaintiff's tax returns until the present motion.

Federal Rule of Civil Procedure 37(b) provides that if a party fails to obey an order regarding discovery, the court may make such orders as are just, including dismissing the action against the disobedient party. Fed. R. Civ. P. 37(b)(2)(C). Rule 37(b) sanctions may include prohibiting a party from introducing matters in evidence, striking pleadings, or dismissal of an action, where that party has failed to comply with an order of a court regarding discovery and the failure to comply is attributable to a "willfulness, bad faith, or any fault" of the party. Fed. R. Civ. P. 37(b)(2)(A), (B) and (C); *Intercept Security Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318, 321 (E.D. Mich. 1996)(citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958)); *Bass v. Jostens, Inc.*, 71 F.3d 237 (6th Cir. 1995).

Dismissal is the sanction of last resort, but a district court does not abuse its discretion in dismissing a case even though other sanctions might be workable, if dismissal is supported on the facts. *Beil v. Lakewood Eng'g and Mfg. Co.,* 15 F.3d 546, 552 (6th Cir. 1994); *Bell & Beckwith v. United States*, 766 F.2d 910, 912 (6th Cir. 1985). In determining whether to dismiss an action, the Court considers (1) whether the non-compliant party acted willfully or in bad faith; (2) whether the opposing party suffered prejudice; (3) whether the non-compliant party was

warned that failure to cooperate in discovery could result in a default judgment; and (4) whether less drastic sanctions were imposed or considered. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

Defendants do not address any of the four factors. Instead, Defendants broadly argue about the essential nature of Plaintiff's tax returns in the damage calculation process. Defendants also argue that Plaintiff's W-2's and 1099's are insufficient as a replacement for the full tax returns. In response, Plaintiff claims that dismissal is improper here, as the alternative wage information was not objected to during discovery.

Under the Michigan Insurance Code of 1956, Defendants correctly argue that Plaintiff's tax returns are relevant to generate an accurate calculation of Plaintiff's future wage loss claim based on her effective tax rate. MICH. COMP. LAWS § 500.3135(3)(C). The problem, however, is that Defendants failed to move for an order compelling production of these documents when Plaintiff originally objected to the request. Defendants did not file a motion to compel during discovery, and no request was made for *in camera* inspection of the joint tax returns before the Court.

The October 2018 Scheduling Order listed March 29, 2019 as the discovery cutoff date.[1] ECF No. 12, Pg.No.1. The Order states, in relevant part:

> Discovery shall be completed on or before the date set forth in the scheduling order. The court will not order discovery to take place subsequent to the discovery cutoff date. The discovery deadline may only be extended by filing a timely written motion with the court.

ECF. No.12, Pg.No.2

Defendant's present motion to dismiss is simply an attempt to compel discovery past the cutoff date. Although the requested information is relevant to Defendant's damages calculations, the issue should have been raised prior to the eve of trial.

Defendants rely on *Welch v. J. Walter Thompson, Inc.* in support of their argument. 187 Mich. App. 49 (1991). In *Welch*, the plaintiff's case was dismissed after the trial judge ordered the plaintiff to produce his tax returns and the plaintiff failed to comply. *Welch* is easily distinguishable from Defendants' case, as Defendants made no attempt to compel the production of Plaintiff's tax returns during the five-month discovery period. Defendants' motion to dismiss or, in the

---

[1] The court's clerk inadvertently noted the wrong year in the scheduling order. The correct discovery cutoff date is March 29, 2019. This should have been evident to both parties that this was a mistake, as the original cutoff date of March 29, 2018 precedes the filing date of the complaint. The correct date was also reflected in the Docket History. Further, if the mistake caused confusion for either party, there was no indication to the Court to that effect.

alternative, compel Plaintiff's tax returns is untimely at this stage of the litigation, and is therefore denied.

## V. Conclusion

For the reasons discussed herein, the Court will deny Defendants' Motion to Dismiss and deny Defendants' Alternative Motion to Compel Plaintiff's Tax Returns [#29].

**IT IS SO ORDERED.**

Dated: September 17, 2019

                                              s/Gershwin A. Drain
                                              HON. GERSHWIN A. DRAIN
                                              United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 17, 2019, by electronic and/or ordinary mail.

                                              s/Teresa McGovern
                                              Case Manager