UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GINA SANDERSON,

Plaintiff,

v.

PHILIP JAMES WRIGHT, ET AL.,

Defendants.

_____/

Case No. 18-cv-12534

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO LIMIT PLAINTIFF'S DAMAGE EXPERTS [#30], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION *IN LIMINE* REGARDING MISCELLANEOUS EVIDENCE [#31], DENYING DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFF'S FUTURE WAGE LOSS [#32], AND CANCELING HEARING**

**I. INTRODUCTION**

Plaintiff filed the instant action on August 15, 2018 raising claims under various provisions of the Michigan Vehicle Code, MICH. COMP. LAWS § 257 *et seq*. Plaintiff seeks future wage loss damages stemming from a collision between Plaintiff's vehicle and a commercial trailer, operated by Defendant Philip James Wright and owned by Defendant Darling Ingredients, Inc. ("Darling"). Trial in this matter is scheduled for October 8, 2019.

Presently before the Court are Defendants' Darling and Wright's Motions *in Limine* [#30, 31, 32]. Defendants move this Court to exclude various categories of

evidence, including but not limited to, the amount of Plaintiff's damages experts,

evidence of Defendant Wright's speed at the time of the collision, and evidence of

Plaintiff's future wage loss.

Defendants Darling and Wright filed their Motions *in Limine* on September

3, 2019. ECF No. 29-32. Plaintiff responded to each motion on September 11,

2019. ECF No. 35-38. Upon review of the parties' submissions, the Court

concludes that oral argument will not aid in the disposition of these matters.

Therefore, the Court will cancel the hearing and resolve the instant motions on the

briefs. *See* E.D. Mich. L.R. § 7.1(f)(2). For the reasons discussed below, the

Court will deny Defendants' Motion to Limit Plaintiff's Damage Experts [#30],

grant in part and deny in part Defendants' Motion *in Limine* Regarding

Miscellaneous Evidence [#31], and deny Defendants' Motion *in Limine* to Exclude

Evidence of Plaintiff's Future Wage Loss [#32].

## II. FACTUAL BACKGROUND

Plaintiff is a forty-eight-year-old woman who resides in Sylvania, Ohio.

ECF No.32-3, PageID.5; ECF No.16, PageID.1. On May 29, 2018, Plaintiff's

vehicle and a commercial trailer operated by Defendant Wright and owned by

Defendant Darling were involved in a mid-intersection collision. ECF No.38,

PgID.7. Plaintiff sustained a trimalleolar fracture to her right ankle as a result of

the collision. ECF No.32, PageID.4. The fracture required two surgical

procedures, including external fixator surgery and open reduction internal fixation surgery. ECF No.36, PageID.8.

Plaintiff works for the Lewanee Intermediate School District. ECF No.36, PageID.7. As a result of the collision, Plaintiff was unable to attend the last two weeks of the 2017-2018 school year. ECF No.38, PageID.9. When the 2018-2019 school year started in August, Plaintiff returned to work, but was restricted by her surgeon to desk duty only. *Id*. The restriction was lifted by Plaintiff's surgeon on November 1, 2018. *Id*. Plaintiff's surgeon has approved two FMLA leave requests for reduced work hours as the school year has progressed. *Id*. Six months after the collision, Plaintiff also saw a psychiatrist who diagnosed her with post-traumatic stress disorder. ECF No.30, PageID.11.

At issue is the extent to which the ankle fracture and its aftermath will impact Plaintiff's health and future earning capacity. Plaintiff currently works a reduced work week as a result of approved FMLA leave. ECF No.38, PageID.9. Her surgeon testified that the long-term effects of Plaintiff's injury generally include an increased risk for pain, stiffness, and arthritis that may impact Plaintiff's ability to work. ECF No.32-4, PageID.10. Defendants argue there is no evidence that Plaintiff's work life will be reduced or that she will be unable to perform full-time employment from now until her retirement. ECF No.32, PageID.4.

## III. LEGAL STANDARD

A motion in limine refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984). The purpose of these motions is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing of a motion in limine, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio, 2004).

## IV. DISCUSSION

### A. Motion to Limit Plaintiff's Damage Experts, and/or, in the Alternative, Allow Defendants an Equal Number of Damage Experts

Defendants first move this Court to limit Plaintiff to three damages experts. Defendants state that Plaintiff lists at least eight damages experts, arguing that this is cumulative under Federal Rule of Evidence 403 and beyond the number of experts allowed for the "same issue" under Michigan law. MICH. COMP. LAWS § 600.2164(2). In response, Plaintiff lists only six damage experts. Plaintiff asserts that each expert addresses a unique injury element that does not fall under the "same issue," as each expert has a different medical specialty. *Id*.

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of relevant evidence only. Evidence that is irrelevant is inadmissible. *See* Fed. R.

Evid. 402.  Evidence is relevant if it has any tendency to make the existence of a

material fact more or less probable than it would be without the evidence.  *See* Fed.

R. Evid. 401.  Rule 403 allows the admission of relevant evidence when its

probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury, undue delay, wasting time or

needlessly presenting cumulative evidence.  *See* Fed. R. Evid. 403.  Michigan law

addresses this balance between relevance and avoiding cumulative evidence by

limiting the number of experts a party may use:

> No more than 3 experts shall be allowed to testify on either side as to the
> same issue in any given case, unless the court trying such case, in its
> discretion, permits an additional number of witnesses to testify as experts.

MICH. COMP. LAWS § 600.2164(2).

Plaintiff alleges various injuries related to her health and future earning

capacity after the vehicle collision.  Each of the six experts listed by Plaintiff

address a different damages issue, including orthopedic, brain, and emotional

injuries as well as economic damages.  As Plaintiff does not present more than

three experts in any one injury category, the evidence is not cumulative and should

not be excluded under Rule 403 or Michigan law.

Further, Defendants move in the alternative to be allowed an equal number

of damage experts.  Defendants specifically request that Plaintiff submit to an

independent medical examination by Dr. William Higgenbotham.  But Defendants

already conducted an orthopedic independent medical examination on February 15,

2019 with Dr. Christopher Zingas.  ECF No.26.  Plaintiff objected to a second

physical examination in the same medical specialty.  *Id.*  After Plaintiff's

objection, Defendants made no attempt with the Court to require Plaintiff's

submission to a second examination until the present motion.  Rule 35 of the

Federal Rules of Civil Procedure allows an order for an examination only upon a

good cause showing.  Fed. R. Civ. P. 35(a)(2)(A).  Here, Defendants have failed to

demonstrate why a second independent medical examination is warranted under

Rule 35.  Accordingly, the Court denies Defendants' motion to limit Plaintiff's

damage experts and denies Defendants' alternative motion to allow Defendants an

equal number of damage experts.

## B. Motion *in Limine* Regarding Miscellaneous Evidence

Defendants' second Motion seeks to preclude the admission of various

evidence.  Specifically, Defendants request the exclusion of information about

Darling's financial wherewithal, the suggestion Wright was speeding, the

suggestion Wright conducted a rolling stop, and evidence of Wright's prior driving

history.

### 1. Darling's Financial Wherewithal

Defendants assert that any information concerning Darling's financial wherewithal is irrelevant and prejudicial under Federal Rules of Evidence 401, 402, and 403. Defendants argue that any financial information about Darling may mislead the jury in its damages deliberation. Plaintiff argues that she should not be precluded from providing the jury with basic background information about one of the Defendants.

Under Rule 401, evidence of Darling's financial wherewithal is irrelevant to the jury's determination of Plaintiff's damages. The Court notes that Plaintiff may inquire about Darling's basic background information as needed. But it is unnecessary for the jury to hear evidence regarding Darling's finances, as all corporate negligence claims against Darling were dismissed. Pursuant to Rules 401 and 402, the Court will exclude evidence of Darling's financial wherewithal.

### 2. Suggestion Defendant Wright was Speeding

Defendants next move to exclude the suggestion from witness Mark Lemely that Wright was speeding. Defendants assert there is no evidence that Wright's speed contributed to the accident, so any related testimony is irrelevant and inadmissible under Federal Rules of Evidence 401, 402, 403, 602, and 701. Plaintiff argues that since Lemely personally observed the event, his testimony should not be excluded under the aforementioned Rules.

Rule 602 of the Federal Rules of Evidence permits a lay witness to testify only if there is sufficient evidence to demonstrate the witness has personal knowledge of the matter. Fed. R. Evid. 602. The threshold for admitting testimony under Rule 602 is low. *United States v. Kelsor*, 665 F.3d 684, 697 (6th Cir. 2011)(citing *United States v. Hickey,* 917 F.2d 901, 904 (6th Cir.1990)). Further, Rule 701 of the Federal Rules of Evidence permits lay witness testimony so long as it is rationally based on the witness' perceptions, helpful to the trier of fact, and not based in specialized knowledge requiring expertise. Fed. R. Evid. 701.

Since Lemely observed the collision, his testimony is both relevant and admissible as lay testimony under Rules 602 and 701. Lemely may testify as to his recollection of the collision and speed of the vehicles as long as the information derives from his personal knowledge and observation. Any inconsistencies in his testimony may be noted by Defendants during Lemely's cross-examination. It is left to the jury, however, to make any determinations concerning the credibility and veracity of Lemely's testimony. Therefore, the Court denies Defendants' request to exclude any suggestion that Wright was speeding at the time of the collision.

### 3. Suggestion Defendant Wright Conducted a Rolling Stop

Defendants also move to exclude the suggestion that Wright conducted a rolling stop prior to the collision. Plaintiff agrees that this evidence should be excluded under Rule 602 as the witness, Tayleen Marowelli, did not base her statement on personal knowledge or observation. Accordingly, the Court grants Defendants' request to preclude the suggestion that Defendant Wright conducted a rolling stop.

### 4. Defendant Wright's Driving, Accident, and Disciplinary History

Defendants additionally move to exclude any information related to Wright's driving, accident, or discipline history pursuant to Rule 404 of the Federal Rules of Evidence. Defendants argue that the introduction of this material would impermissibly sway the jury and prejudice Defendants. Plaintiff contends that this information would be used, if at all, for impeachment purposes only.

Under Federal Rule of Evidence 404, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Similarly, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Nevertheless, character evidence may be admitted for impeachment purposes. Fed. R. Evid. 404(a)(3).

Plaintiff has conceded that any information about Wright's prior history must be limited to impeachment purposes only. Pursuant to the rules that govern character evidence, the Court will allow evidence of Wright's driving, accident, and discipline history for the limited purpose of impeachment.

**C. Motion *in Limine* to Exclude Evidence of Plaintiff's Future Wage Loss**

Defendants' final Motion seeks to preclude evidence of Plaintiff's future wage loss claim, asserting that Plaintiff has failed to demonstrate a diminished capacity to work in the future. Additionally, Defendants argue that the testimony of Dr. Robert Ancell and Michael Thompson is irrelevant and not based in specialized knowledge pursuant to Federal Rules of Evidence 401 and 702.

Defendants' Motion requests this Court to exclude a broad category of evidence, which would prevent Plaintiff from offering her damages evidence in this litigation. Evidence that Plaintiff's injuries will affect her ability to work in the future, and therefore her future earning capacity, is a central issue in this case. Accordingly, it is admissible under Rule 401. Further, Defendants move to exclude the testimony of Ancell and Thompson based on their credibility, not expertise. As Plaintiff correctly states, the credibility of any given testimony is properly left for the jury to decide. Defendants fail to demonstrate that either Ancell or Thompson are improperly qualified as experts. The Court therefore denies Defendants' motion to exclude evidence of Plaintiff's future wage loss.

Finally, Defendants maintain that Thompson is prohibited from calculating Plaintiff's base income using fringe benefits under Michigan law. MICH. COMP. LAWS §500.3135. In the proposed Joint Final Pretrial Order, the parties agreed that no evidence of collateral source benefits, including paid wage loss or medical benefits, will be entered as evidence. Given this agreement, no further decision is necessary on this issue.

## V. CONCLUSION

For the reasons discussed herein, Defendants' Motion to Limit Plaintiff's Damage Experts [#30] is DENIED, Defendants' Motion *in Limine* Regarding Miscellaneous Evidence [#31] is GRANTED in part and DENIED in part, and Defendants' Motion *in Limine* to Exclude Evidence of Plaintiff's Future Wage Loss [#32] is DENIED.

**IT IS SO ORDERED.**

Dated:         September 18, 2019

                                                     s/Gershwin A. Drain
                                                     HON. GERSHWIN A. DRAIN
                                                     United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 18, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager
